UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO DAVILA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-463 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Petitioner Fernando Davila is an inmate in the custody of the Texas Department of Criminal Justice. He filed a petition for a writ of habeas corpus challenging the denial of his request for restoration of good time credits forfeited as a result of disciplinary violations. He does not challenge his conviction or sentence.

This case is before the Court on Davila's petition, respondent's motion for summary judgment, and Davila's response. Having carefully considered the petition, the motion, the response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Davila's petition should be dismissed.

**I.  Analysis**

Davis argues that Davila's petition is barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Davila was convicted of murder in 1982. During his imprisonment, he has forfeited 1,020 days of good time credit, according to Respondent, or 1,475 days according to Davila, as a result of disciplinary violations. *See* Respondent's Motion for Summary Judgment, Exh. B. The most recent loss of good time was imposed on April 18, 2005. *Id.*, Exh. C, at 120-28; Petition at 6. Davila should have known as of that date that he forfeited his good time credit.

Davila does not dispute this timeline. He argues merely that Texas state law requires an inmate to file a time dispute resolution ("TDR") before bringing a habeas corpus action, and that he filed his TDR on October 3, 2016, and this federal petition on February 7, 2017. Based on the requirement of a TDR and the dates on which he filed the TDR and this petition, Davila contends that the petition is timely.

There is no question that more than one year has passed since Davila learned of the lost time credit. The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Davila filed his TDR on October 3, 2016, more than 11 years after he knew of his lost good time credit. Because this was well beyond the one year AEDPA limitations period, there was nothing left for the TDR to toll. Therefore, Davila's petition is barred by the statute of limitations.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting her rights. "But, a garden variety claim of

excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted). Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ). Davila cites no rare or exceptional circumstance to toll the statute of limitations. Therefore, the petition is time-barred.

**II.     Conclusion**

For the foregoing reasons, respondent's motion for summary judgment is granted, and Davila's petition is denied and is dismissed with prejudice.

**III.    Certificate of Appealability**

Davila requests a certificate of appealability ("COA"). A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Davila's' petition and concludes that it is barred by the statute of limitations. The Court concludes that jurists of reason would not find this Court's ruling debatable. Therefore, Davila is not entitled to a certificate of appealability.

## IV. Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' motion for summary judgment (Doc. # 9) is GRANTED;

B. Petitioner Fernando Davila's petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITH PREJUDICE; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 28th day of February, 2018.

_____
Kenneth M. Hoyt
United States District Judge